interview, or the color he gives to it. I think it is a serious offense. I think it is one of the gravest offenses that has been committed in this district against the regular and proper administration of the law. The respondent must be punished, and I think he ought to be punished severely.

The sentence of the court is that he be imprisoned for the term of six months, and that this imprisonment be executed in the county jail of San Francisco.

In re DE LONG et al.

(Circuit Court, D. Massachusetts. December 3, 1895.)

CUSTOMS DUTIES—CONSTRUCTION OF LAWS—FRESH FISH.
In the tariff act of August, 1894, the free list (paragraph 481) enumerates "Fish, frozen or packed in ice fresh." The schedule relating to dutiable fish enumerates (paragraph 210) "Herrings, pickled, frozen, or salted, and salt water fish frozen or packed in ice, one-half of one cent per pound." *Held* that, under the rule of construction requiring each part of a law to be made effective if possible, the paragraph in the free list must be held as generic, and paragraph 210 as exceptional or specific.

This was a petition by Edward R. De Long and others for a review of the decision of the board of general appraisers in respect to the classification for duty of certain imported fish.

Thomas H. Russell, for petitioners.
Wm. G. Thompson, for the United States.

PUTNAM, Circuit Judge. The tariff act of August, 1894, contains in the free list this paragraph: "(481) Fish, frozen or packed in ice fresh." The schedule relating to dutiable fish contains the following: "(210) Herrings, pickled, frozen, or salted, and salt water fish frozen or packed in ice, one-half of one cent per pound."

The issue here arises from the incongruous expressions touching fish, frozen or packed in ice, found in the paragraphs quoted. The imperative rule of construction applicable to the case is that each paragraph shall be held effective if possible. All other rules referred to by counsel are subordinate to this, and some of them fanciful. It is possible to make each paragraph effective by holding 481 generic, and 210 exceptional or specific; and the court is compelled to accept this construction as obligatory upon it. If the result of the application of this rule of construction should prove absurd in any particular case, some other rules must be sought for. But such is not the fact here. Since the abrogation of the articles of the treaty with Great Britain of 1871, in pursuance of which the products of the sea fisheries of the maritime provinces were made free, congress has pursued a policy, more or less restricted, of imposing duties on Canadian salt-water fish. We think this was never relaxed, beyond admitting free fish, intended for daily or immediate consumption. This exemption gave rise to a perplexing controversy, whether fish frozen or packed in ice came ordinarily within that classification. The framers of the act of 1894 were apparently anxious to obviate that question, and their anxiety was

perhaps so great that they omitted to enumerate fresh fish not frozen nor packed in ice. However this may have been, the policy to which we refer had especial relation to the products of the sea fisheries of the maritime provinces, and paragraph 210, as interpreted by us, in connection with the settled purpose declared anew in paragraph 568, to admit free all products of our own fisheries, affects principally Canadian salt-water fish.

Let there be a judgment affirming the decision of the board of general appraisers.

---

### MERWIN v. MAGONE, Collector.

#### (Circuit Court of Appeals, Second Circuit. December 2, 1895.)

**1. APPEAL—REVIEWABLE QUESTION—DIRECTION OF VERDICT.**
Where each party asks for the direction of a verdict in his favor, the finding of fact involved in granting the request of one party is conclusive on appeal if there is any evidence to sustain it. Beuttell v. Magone, 15 Sup. Ct. 566, 157 U. S. 154, applied.

**2. SAME—ACTION TO RECOVER DUTIES PAID—SUFFICIENCY OF EVIDENCE.**
In an action to recover duties paid, on the ground that there was a shortage in the importation, the only evidence consisted of the returns to the collector of the subordinate customs official, which were conflicting on the question of the existence of a shortage, and an ex parte affidavit of the master indorsed on the manifest that certain packages were "short shipped." At the close of the evidence each party requested the court to direct a verdict, and defendant's motion was granted. *Held* no error.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action at law by Samuel E. Merwin, trustee, against Daniel Magone, collector of the port of New York, to recover certain duties paid under protest. The circuit court directed a verdict for defendant, and entered judgment accordingly, to review which the plaintiff sued out this writ of error.

Comstock & Brown, for plaintiff in error.

James T. Van Rensselaer, Asst. U. S. Dist. Atty., for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. On March 3, 1887, E. S. Wheeler, doing business under the name of E. S. Wheeler & Co., of New Haven, Conn., imported by the vessel Westernland, and entered at the port of New York, a large quantity of iron wire fence rods. Subsequently the importer became insolvent, and Samuel E. Merwin was appointed trustee for the benefit of his creditors, and became vested with the title to his property. No question exists in the case as to the statutory rate of duty upon this merchandise, but the importer duly protested that the number of pounds upon which the duty was imposed was in excess of the actual number of pounds which were imported or which came into the port of New York. The collector's decision was sustained by the secretary of the treas-